IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD S. GATES | * | |
| Plaintiff, | * | |
| v. | * | 3:07-CV-591-WHA |
| | | (WO) |
| AUBURN CITY POLICE COURT, *et al.*, | * | |
| Defendants. | * | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Reginald Gates ["Gates"], an inmate incarcerated at the Lee County Detention Facility in Opelika, Alabama, challenges matters associated with criminal proceedings currently pending against him in state court. He seeks injunctive relief. Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

**I. DISCUSSION**

*A. The Auburn City Police Court*

Gates names the Auburn City Police Court as a defendant. The law is established

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

that courts are not persons within the meaning of 42 U.S.C. § 1983. *See Moity v. Louisiana State Bar Association*, 414 F. Supp. 180, 182 (E.D. La. 1976), *aff'd*, 537 F.2d 1141 (5th Cir. 1976). Dismissal of Gates' complaint against the Auburn City Police Court is, therefore, appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).

*B. The Lee County Justice Center*

Gates names the Lee County Justice Center as a defendant in this cause of action. The Lee County Justice Center is not a legal entity subject to suit or liability under section 1983. *Cf. Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that Gates' complaint against this defendant is due to be dismissed. *Id.* 28 U.S.C. § 1915(e)(2)(B)(i).

*C. C.C. Cobb*

To the extent Gates' complaint against Defendant Cobb concerns an allegation of verbal harassment and/or threats, he is entitled to no relief. The law is settled that verbal harassment and abuse and mere threatening language and gestures of a custodial officer do not amount to a constitutional violation. *McFadden v. Lucas*, 713 F.3d 143, 146 (5th Cir. 1983); *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973).

*D. The Pending Charge*

To the extent Gates complains that charges pending against him for escape in the third degree are unconstitutional, such claim must be dismissed. If the matters about which Gates complains were found to violate his federal rights, it is clear that his claims concern criminal

charges which are currently pending before the state courts. They are, therefore, not currently appropriate for consideration by this court.

In *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), the Supreme Court held that a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied injunctive relief." The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43. In this case, Gates has an adequate remedy at law because he may pursue all of his federal constitutional issues through the state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Gates can present the factual and legal bases for the alleged constitutional violations in the on-going state court criminal proceedings. Moreover, Gates has not alleged the existence of any special circumstances which create a threat of irreparable harm. The mere fact that he must endure criminal prosecution in state court fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. This court must, therefore, abstain from considering the merits of Gates' challenge to his current confinement.

In light of the foregoing, dismissal of Gates' challenge to the validity of his pending criminal charge is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii) as the claims raised therein are not cognizable in a 42 U.S.C. § 1983 action at this time.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against the Auburn City Police Court and the Lee County Justice Center be DISMISSED with prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)

2. Plaintiff's complaint against Defendant Cobb for verbal abuse and/or harassment be DISMISSED with prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i);

3. Plaintiff's complaint, insofar as it challenges criminal charges pending against him in state court, be DISMISSED without prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **July 17, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 6th day of July 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE