IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | | |
|---|---|---|
| REGINALD S. GATES | * | |
|     Plaintiff, | * | |
|     v. | * | 3:07-CV-591-WHA (WO) |
| C.C. COBB | * | |
|     Defendant. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action was filed by Plaintiff on June 27, 2007. On June 20, 2007 the court entered an order of procedure which instructed Plaintiff, among other things, to inform the court of any change in his address. (*Doc. No. 6*.) The order also cautioned Plaintiff that failure to comply with this specific directive would result in a Recommendation that his case be dismissed. (*Id*.)

On September 21, 2007 Plaintiff's copy of court orders entered September 7, 2007 were returned to the court marked "return to sender; inmate not in jail," because Plaintiff was no longer at the most recent address he had provided to the court. Consequently, a show cause order was entered on September 21, 2007 directing Plaintiff to provide the court with his present address. (*Doc. No. 18*. ) Plaintiff was cautioned that his failure to comply with the court's September 21 order would result in a recommendation that this case be dismissed. (*Id*.) On September 24, 2007 the envelope containing Plaintiff's copy of the court's

September 21, 2007 show cause order was returned to the court marked as undeliverable. As it appears clear that Plaintiff is no longer residing at the most recent address he provided to the court and that he has not provided this court with a new address, the undersigned concludes that dismissal of the complaint at this juncture is appropriate.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failures to prosecute this action properly and to comply with the orders of this court.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **October 10, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 28th day of September 2007.

/s / Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE